UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ARTHUR ULRICH, | Case No. 2:16-CV-681 JCM (CWH) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| LMREC CDO REO III, INC., | |
| Defendant(s). | |

Presently before the court is plaintiff Arthur Ulrich's motions to amend the complaint and to remand the case to state court for a lack of jurisdiction. (ECF No. 5). Defendant, a Delaware corporation, has filed a response, (ECF No. 7) and plaintiff, a resident of Nevada, has filed a reply (ECF No. 10).

**I.   Introduction**

This litigation arises from an October 22, 2013, "trip and fall incident" that allegedly occurred at an apartment complex owned by defendant LMREC CDO REO III, Inc.[1] (ECF Nos. 1, 5). Plaintiff now seeks to amend his complaint to include Covenant Management Corporation, ("CMC") which is allegedly the relevant property management company. (ECF No. 5). Plaintiff further requests that this court remand the case if it grants the motion to amend the complaint, asserting that CMC is a Nevada corporation that would destroy diversity jurisdiction. (*Id.*).

As an initial matter, plaintiff's motion to amend his complaint will be granted pursuant to the permissive standard of Federal Rule of Civil Procedure 15(a)(2). Although defendant challenges the jurisdictional impact of the amended complaint, it indicates that it "takes no position with respect to Plaintiff's motion to amend his complaint and add a new Defendant in this action" and that "[t]he amendment is timely and not objectionable as a stand alone motion." (ECF No. 7

---

[1] Defendant does business as Casa Grande Pines Apartments.

**James C. Mahan**
**U.S. District Judge**

at 3, 4). Moreover, the amendment is proper because "justice so requires." Fed. R. Civ. P. 15(a)(2). This court now considers whether this case should be remanded for lack of jurisdiction.

## II. Legal Standard

For a district court to have diversity jurisdiction under 28 U.S.C. § 1332, the parties must be completely diverse, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

28 U.S.C. § 1447(e) states: "if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *See also Morris v. Princess Cruises*, 236 F.3d 1061, 1068 (9th Cir. 2001).

"[J]oinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, [i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Weeping Hollow Ave. Trust v. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (internal quotations omitted). Courts in the Ninth Circuit generally presume against the presence of fraudulent joinder. *Id.* (citing *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009)). Also, "[f]raudulent joinder must be proven by clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

A district court must remand a case removed from state court pursuant to diversity jurisdiction if an amended complaint asserts claims against a non-diverse defendant. *Stevens v. Brink's Home Sec., Inc.*, 378 F.3d 944, 949 (9th Cir. 2004) ("[O]nce the non-diverse defendants were joined remand became mandatory. This is precisely the point of § 1447(e)."). "[A] defendant must have the opportunity to show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

## III. Discussion

Defendant argues that plaintiff has not filed a timely motion to remand under 28 U.S.C. § 1447(c) because it was not filed within 30 days of defendant's notice of removal. (ECF No. 7). Section 1447(c) states: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." It therefore appears that defendant either claims or assumes that diversity jurisdiction is not

**James C. Mahan**
**U.S. District Judge**

considered subject matter jurisdiction.  *See* (ECF No. 7).  It is mistaken.  *See Danjaq, S.A. v. Pathe Commc'ns Corp.*, 979 F.2d 772, 772 (9th Cir. 1992) ("This appeal involves two arcane issues of subject matter jurisdiction that are of first impression in this Circuit. Both issues relate to the determination of a corporation's principal place of business for purposes of diversity jurisdiction.").

Defendant's response discusses solely this line of argument.  (ECF No. 7).  Thus, it has failed its obligation to show that CMC would be fraudulently joined.  *See Hamilton Materials, Inc.*, 494 F.3d at 1206.  Because CMC is a Nevada corporation, diversity is destroyed by its joinder in the present action.  *See* 28 U.S.C. § 1332(a); (ECF Nos. 1, 5).  As a result, this court must remand this case to state court.  *See Stevens*, 378 F.3d at 949.

**IV.   Conclusion**

Plaintiff's motion to amend the complaint to add a non-diverse defendant is granted pursuant to Federal Rule of Civil Procedure 15(a)(2).  (ECF No. 5).  As a result, plaintiff's motion to remand this case is also granted for a lack of diversity jurisdiction.  28 U.S.C. § 1332(a); (ECF No. 5).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motions to amend the complaint and remand the case (ECF No. 5) be, and the same hereby are, GRANTED.

IT IS FURTHER ORDERED that this case shall be remanded to the Eighth Judicial District Court for the State of Nevada.

DATED December 28, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -